LUPE MARTINEZ (CBN 49620)
601 Snyder Avenue
Aromas, CA 95004
Tel. (408) 857 5418
Fax (951) 401 2749
martinez-luna@sbcglobal.net

Attorney for Defendant
Jose Alfredo Villalobos Cisneros

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| UNITED STATES OF AMERICA, | ) CR- 20-000451-EMC |
|---|---|
| Plaintiff, | ) DEFENDANT'S SENTENCING |
|  | ) MEMORANDUM |
| v. | ) |
|  | ) Date: June 16, 2022 |
| JOSE ALFREDO VILLALOBOS CISNEROS | ) Time: 10:15 a.m. |
|  | ) |
|  | ) HONORABLE EDWARD M. CHEN |
| Defendant. | ) United States District Judge |

## I.  INTRODUCTION

Defendant Jose Alfredo Villalobos Cisneros has no objections to the facts or sentencing Guideline calculations contained in the Final Presentence Report dated May 26, 2022.  Mr. Villalobos Cisneros adopts the facts detailed in the report concerning his personal history, employment, and family background.

1

The sentence of a term of imprisonment of 60 months recommended by the Probation Officer is supported by the totality of the offense and offender characteristics, discussed below. Such a sentence is "sufficient but not greater than necessary" to effectuate the policy objectives of 18 U.S.C. § 3553 sentencing factors.

## II.  APPLICABLE LAW

Adequate consideration of the § 3553(a) sentencing factors helps ensure that the sentencing decision is individualized. The Supreme Court has emphasized that the punishment imposed "should fit the offender and not merely the crime." *Pepper*, 131 S.Ct. at 1240 (citations omitted) (emphasis added). See also *Gall,* 522 U.S. at 52, quoting *Koon v. United States*, 518 U.S. 14. 81, 113 (1996).

The Federal Sentencing Guidelines are the "starting point" and "initial benchmark" in the determination of a just and appropriate sentence. See *Gall v. United States*, 552 U.S. 38, 49- 51 (2007); *Pepper v. United States,* 131 S. Ct. 1229, 1241 (2011); *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall*, 552 U.S. at 49); *United States v. Hill*, 645 F.3d 900, 905 (7th Cir. 2011).

*Gall* directs the Court to "consider all the § 3553(a) factors" to arrive at a just sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a).  The "sufficient but not greater than necessary" standard—also known as the "parsimony" clause—is the "overarching provision" of §

3553(a). *Kimbrough*, 552 U.S. at 101. By its terms that provision instructs the Court to consider a sentence that is the least severe, i.e., not greater, than necessary. See *United States v. Santoya*, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007) ("This is the so-called 'parsimony provision,' which requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing—just punishment, deterrence, protection of the public and rehabilitation of the defendant.").

A "variance" is a sentence outside the guideline range provided for in the Guidelines Manual. *Gall,* 128 S.Ct. at 596. Courts have held that variances are not subject to the guideline analysis for departures. *United States v. Fumo,* 655 F.3d 288, 317 (3d Cir. 2011). In some situations, a prohibited ground for departure may be a valid basis for a variance. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009). Sentencing courts need not justify sentences outside the guideline range through "extraordinary" circumstances." A district court need only take into account the § 3553(a) factors and recognize that the guidelines are not mandatory. *United States v. Clay,* 579F.3d 919 (8th Cir. 2009) .

The § 3553(a) sentencing factors the variance recommended by the probation officer and requested by Mr. Villalobos Cisneros .

//

//

### III.  HISTORY AND CHARACTERISTICS OF MR. VILLALOBOS CISNEROS

**A. Family Background**

Mr. Villalobos Cisneros' childhood was one of poverty and deprivation. He stopped attending school in the fifth grad to work to help support the family. The probation report details the suffering and hardships Mr. Villalobos Cisneros endured as a child in rural Michoacan, Mexico.

**B. Employment**

In the last 20 + years Mr. Villalobos Cisneros completely turned his life around.  He became completely rehabilitated.  Mr. Villalobos Cisneros has devoted himself to his extended family and his employment. The probation report details Mr. Villalobos Cisneros' exemplary employment history as a union drywall installer earning an excellent salary.  He has established a close-knit, supportive and loving family and in a long-term relationship with Ms. Anais Torres.

**C. October 2019 Injury**

Everything was going well until October 2019 when he suffered a fall from a ladder at work and broke his hand. Relying on the promises of his employer, he did not file a Workers Compensation Claim and was paid with payroll checks that bounced. It was not until June 24, 2020 that Mr Villalobos Cisneros filed a claim.  He did not received any compensation until February 9, 2021.

Extensive medical records were provided to the probation officer that show a very serious break that required extensive care and rehabilitation. Mr. Villalobos Cisneros still suffers the effects of the injury.

After being out of work for almost a year he became involved in the offense conduct. Mr. Villalobos Cisneros had no source of income, did not receive disability or any type of assistance. He borrowed money from family and friends to pay the rent, food, and the basic needs of his family. Letters were provided to the probation officer from friends and relatives who confirm they loaned Mr. Villalobos Cisneros over $30,000.00 for rent, food and basic living expenses for his family.

**D. Offense Conduct**

Mr. Villalobos Cisneros is from an area of Michoacan where drug trafficking is rampant. Most of Mr. Villalobos Cisneros' family is still in Mexico. Everyone in the area of Tierra Caliente, including members of family, are directly or indirectly involved or affected by drug trafficking. Mr. Villalobos Cisneros comes from a very large family, many of whom live in cartel-controlled regions in Michoacan, Mexico. Mr. Villalobos Cisneros maintained contact with his family in Mexico and in the United States. Family, friends, and acquaintances knew Mr. Villalobos Cisneros was in dire financial straits. Mr. Villalobos Cisneros was contacted and agreed to sell drugs. The facts and circumstances of the offense conduct are accurately described in the probation report.

Notwithstanding his family's knowledge of trafficking, Mr. Villalobos Cisneros did not have any drug-related arrests or law enforcement contacts involving drugs since 1993.  Mr. Villalobos Cisneros remained crime-free, employed and productive for over 20 years.  Accordingly, he is properly placed in Criminal History Category I.

Faced with financial ruin and deeply in debt, Mr. Villalobos Cisneros succumbed and reached out to his brothers to provide a source of drugs so he could pay his debts and provide for his family.  But for his injuries, Mr. Villalobos Cisneros would not have become involved in the present offenses.

**Acceptance of Responsibility**

Mr. Villalobos Cisneros has entered a guilty plea and admitted his participation in the offense conduct.  Mr. Villalobos Cisneros has admitted the facts described in the in the plea agreement.  He fully accepts responsibility for his actions.

When arrested, he provided a complete statement of his involvement.  Finally, Mr. Villalobos Cisneros participated in a Safety Valve interview with the government where, again, he truthfully answered all questions concerning his involvement and guilt. Mr. Villalobos Cisneros has clearly accepted responsibility for his actions.

**Collateral Consequences (Deportation)**

Mr. Villalobos Cisneros' conviction will lead to a host of collateral consequences that the Court is respectfully requested to consider in imposing the 60 month sentence recommended.  Because Mr. Villalobos Cisneros is undocumented, he will be deported

to Mexico after he completes his sentence.  His employment and the life he built for himself and his family for the past 20+ years is lost.  As the attached letter from his spouse Anais Torres states, the impact on Mr. Villalobos Cisneros' family will be drastic. Such consequences constitute punishment and are properly considered by the Court.

## IV. CONCLUSION

For the reasons stated, and based upon the authorities cited, it is respectfully submitted that a sentence of 60 months is "sufficient but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a).  The collapse of Mr. Villalobos Cisneros' employment and the drastic effects on the rest of his life establish that such a sentence is ample punishment.

Dated:  June 8, 2022                                    Respectfully submitted,

 /s/ LUPE MARTINEZ

LUPE MARTINEZ
Attorney for Defendant
Jose Alfredo Villalobos Cisneros

6-4-2022

Dear Judge,

I am writing this letter in reference to Jose Alfredo Villalobos my life partner and father of our child I have had the priviledge of sharing over 13 years together and I have come to know the great person and father he is he has helped me and nurtured me to grow as a person.
He is a very emthetic person to others especially to my daughter who is her step daughter he is the biggest support in our family and we all love him.
The people that know Jose Alfredo would all agree what a kind person he is always willing to help and be of service of others. his heart is not closed to the struggles of others he used to give me money to buy blankets and food for the homeless.

6-4-2022

We are willing to do what you deem necessary for him to show the kind of person he truly is he has learned from his mistakes and we hope for a second chance to move foward and have a future together with hes family we have a lot of hopes and plans to build a food bussiness and watch our daughter grow It would be extremelly hard emotionally and financially for my daughter and I if he was not longer with us I cant begin to imagine the impact and pain for my youngest daughter if we were to lose him we humbly ask and hope with all our hearts for a second chance to keep our family together.